ESTATE OF AUSTIN PATTERSON, *et al.*                          PLAINTIFFS

v.

CONTRACT FREIGHTERS, INC., *et al.*                            DEFENDANTS

## OPINION AND ORDER

Senior Judge Thomas B. Russell referred this matter to Magistrate Judge Lanny King for ruling on all discovery motions. (Docket #9).

This matter is before the Court on the motion of Plaintiffs, Estate of Austin Patterson and Amanda Patterson, to Compel Defendant Contract Freighters, Inc. ("Contract Freighters") to supplement responses to interrogatories and to produce information. (Docket #14). Defendant Contract Freighters filed a Response in opposition, arguing primarily that the documents requested are not relevant and proportional to the needs of the case. (Docket #15). This motion is now ripe for adjudication. For the reasons detailed below, the Plaintiffs' Motion is GRANTED in part and DENIED in part. (Docket #14).

### Background

This case arises from a wrongful death action regarding a motor vehicle accident that occurred on March 15, 2018 in McCracken County, Kentucky. (Docket #1). The accident involved Mr. Austin Patterson, who was killed in the accident, and Mr. John S. Rhee, a driver for Contract Freighters, Inc. Mr. Rhee and Contract Freighters are both defendants in this action. (Id.). Mrs. Amanda Patterson (Mr. Patterson's widow), along with Mr. Michael Gibson, as the

administrator of Mr. Patterson's estate, brought this action in McCracken Circuit Court on October 26, 2018. (Id.). This action was subsequently removed to this Court. (Id.).

Following the removal of the case to this Court, the parties agreed to continue the discovery process initiated in the state court. (Docket #15 at 2). Plaintiffs served Defendants with their first set of discovery requests along with the Complaint, and Defendant Contract Freighters responded to those requests on January 10, 2019. (Id.). Senior Judge Russell entered a Scheduling Order in this case on January 11, 2019. (Docket #9). On February 1, 2019, Plaintiffs propounded another set of discovery requests upon Defendants, to which Defendants responded. (Docket #15 at 2). Disputes arose over Defendants' responses to the discovery requests, and a telephonic status conference was held before Judge King. (Docket #12). During that conference, Judge King granted leave for Plaintiffs to file a Motion to Compel regarding the disputed discovery requests. Plaintiffs filed a Motion to Compel on February 13, 2019. (Docket #14). Defendant Contract Freighters responded on February 18, 2019. (Docket #15).

In their Motion to Compel, Plaintiffs seek information requested in five particular discovery requests. (Docket #14). Plaintiffs seek Defendant Rhee's routes in the six months preceding the wreck (Interrogatory 26), copies of reviews performed on Defendant Contract Freighters by the Federal Motor Carrier Safety Administration ("FMCSA") under 49 C.F.R. § 385.5 (Request for Production 10), dispatch records and load reports for the truck at issue during February 2018 (Request for Production 14), Defendant Rhee's driver log books for the past six months (Request for Production 19), and Defendant Rhee's trip receipts (Request for Production 21). (Id.). Defendant broadly responds that Plaintiffs' requests are not within the scope of discovery, based on the concepts of relevance and proportionality. (Docket #15 at 2).

## Legal Standard

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense …." FED. R. CIV. P. 26(b)(1). Relevance is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. Albritton v. CVS Caremark Corp., No. 5:13-CV-00218-GNS-LLK, 2016 WL 3580790, at *3 (W.D. Ky. June 28, 2016) (*citing* Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citation omitted)). However, the scope of discovery is not unlimited. "On motion or on its own, the court must limit the frequency or extent of discovery … if it determines that … the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of discovery in resolving the issues." Id. (*quoting* FED. R. CIV. P. 26(b)(2)(C)(iii)). The determination of "the scope of discovery is within the sound discretion of the trial court." Cooper v. Bower, No. 5:15-CV-249-TBR, 2018 WL 663002, at *1 (W.D. Ky. Jan. 29, 2018), *reconsideration denied*, 2018 WL 1456940 (W.D. Ky. Mar. 22, 2018) (*quoting* Chrysler Corp. v. Fedders Corp., 643 F.2d 1229, 1240 (6th Cir. 1981)).

Federal Rule of Civil Procedure 33 governs interrogatories while Rule 34 governs requests to produce. Rule 33(b)(3) requires the responding party to answer each interrogatory "to the extent it is not objected to." FED. R. CIV. P. 33(b)(3). Similarly, Rule 34(b)(2)(B) requires a response to a document request to "either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons," and

Rule 34(b)(2)(C) requires "[a]n objection to part of a document [request] must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(B), (C).  Federal Rules of Civil Procedure 33 and 34 are structured such that, in combination with Rule 26(g)(1), both the requesting party and the court may be assured that *all* responsive, non-privileged materials are being produced, except to the extent a valid objection has been made. Heller v. City of Dallas, 303 F.R.D. 466,487 (N.D. Tex. 2014) (*citing* Evans v. United Fire & Cas. Ins. Co., 2007 WL 2323363 at *1, *3 (E.D. La. Aug. 9, 2007) (emphasis in original)).  Federal Rule 33 requires that objections be made with specificity. Janko Enterprises, Inc. v. Long John Silver's, Inc., 2013 WL 5308802 at *7 (W.D. Ky. Aug. 19, 2013) ("Unexplained and unsupported 'boilerplate' objections are clearly improper.").

If a party fails to answer an interrogatory submitted under Rule 33 or a request to produce submitted under Rule 34, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. FED. R. CIV. P. 37(a)(2)(B).  Pursuant to Rule 37 of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery," provided that the party certifies to the Court that it has, in good faith, conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. FED. R. CIV. P. 37(a)(1); *see* id. at (a)(3)(B)(iii)-(iv) (providing that a party may move to compel answers to interrogatories submitted under Rule 33 or to compel an inspection requested under Rule 34).  The party who files a motion to compel discovery "bears the burden of demonstrating relevance." Albritton v. CVS Caremark Corp., No. 5:13-CV-00218-GNS-LLK, 2016 WL 3580790 at *3 (W.D. Ky. June 28, 2016).

**Request for Production 19: Defendant Rhee's Driver's Logs**

Plaintiffs request Defendant Rhee's driver log books from September 1, 2017 to February 28, 2017. (Docket #14 at 7). Defendant Contract Freighters argues that it has produced ten days of Defendant Rhee's log books, from February 18, 2018 to February 28, 2018, which is sufficient to meet the discovery requirements of this case. (Docket #15 at 6).

Plaintiffs argue that Defendant Rhee's log books are imperative to their case, as they show his hours of service, whether he drove in compliance with FMCSA safety regulations, whether he altered his log books, and whether he had a practice or pattern of doing so. (Docket #14 at 8). Defendant argues that the only conceivable use of these log books is to show Defendant Rhee's hours of service, so as to determine his levels of fatigue at the time of the crash. (Docket #15 at 6). Defendant argues that the ten days of log books produced are sufficient to do so. (Id.).

Plaintiffs are entitled to Defendant Rhee's log books for the six-month time-period preceding this accident. While it appears that this Court has not specifically addressed this issue, the U.S. District Court for the Southern District of Texas has ruled on a similar set of facts. In Valenzuela v. Willette, the court examined a similar request for production in an automobile accident case involving an 18-wheeler truck. Valenzuela v. Willette, No. 5:14-CV-62, 2014 WL 12620827 at *1 (S.D. Tex. November 28, 2014). In that case, the plaintiff argued that the previous six months of driver logs were relevant to their claims of punitive damages, which the defendants disputed, without specifically addressing the punitive damages claim. Id. at *5. The Valenzuela court held that the defendants had failed to rebut the evidence of relevance shown by the plaintiff, and that the broad purview of relevance allowed the discovery of this information.

Id.  The Valenzuela court found the information particularly relevant to the possible punitive damages, since the driver logs could feasibly show that the defendant trucking company knew of a dangerous pattern of behavior from its driver and failed to remedy it.  Id.

Many of the same issues exist here, and the reasoning in Valenzuela is equally persuasive to the facts of this case.  Just as in Valenzuela, the Plaintiffs seek punitive damages for gross negligence on the part of Defendants. (Docket #1-1 at 7).  These documents are relevant to Plaintiff's claims that Defendants negligently supervised the driving activities of Defendant Rhee, which could support punitive damages.  Further, Defendant has failed to provide any significant reason for denying Plaintiffs' request.  This information is broadly relevant to Plaintiffs' claims of negligence on the part of Defendants, and absent some reason for exclusion, it is discoverable.  Accordingly, Plaintiffs' request to compel production of documents pursuant to Request for Production 19 is GRANTED.

### Interrogatory 26: Defendant Rhee's Routes

Plaintiffs request a detailed record of all of Defendant Rhee's routes for the six months prior to the accident.  Defendant Contract Freighters objects to this request on grounds of relevance and proportionality. (Docket #15-1 at 14).

Plaintiffs argue that Defendant Rhee's routes are significant for multiple reasons.  First, Plaintiffs allege that Defendant Rhee's routes speak to his knowledge of the specific roadway where the incident occurred, which may be relevant to the claims or defenses. (Docket #14 at 4).  Second, Plaintiffs argue that Defendant Rhee's routes are a way to double-check the accuracy of his driver logs, logging software, and GPS coordinates. (Id.).  Third, Plaintiffs argue that

6

Defendant Rhee's routes are likely kept in some type of electronic format, perhaps even GPS data, making production relatively simple. (Id.).

Defendant Contract Freighters counters that it provided a detailed record of Defendant Rhee's routes for ten days prior to the accident. (Docket #15 at 5). Additionally, it argues that the only potential use of these records is to determine familiarity with the roadway where the accident happened, and it admits Defendant Rhee had driven through many times before this accident occurred. (Id.). Finally, Defendant argues that production of these route records would be much more onerous than Plaintiffs suggest, though it does not specifically refute that it could be done. (Id.).

Much of the same logic applied by the Valenzuela Court applies here. Much like the driver's logs, the driving route records can be used to verify the accuracy of the information reported by Defendant Rhee to his employers. If there are discrepancies between the reported routes and the actual driving records, then Plaintiffs could plausibly bring a claim for punitive damages based on gross negligence. The driver logs and route records are analogous and both should be produced.

Defendant's argument that the only purpose of this inquiry would be to discern Defendant Rhee's familiarity with the roadway is incorrect. While Plaintiffs admit that this information is a component reason of their discovery request, it is not the only reason supporting it. The information requested can be used to check to the accuracy of Defendant Rhee's driving logs and logging software. This information also speaks to a variety of issues, including Defendant Rhee's fitness to operate his vehicle at the time of the accident, the amount of time he had been driving prior to the accident, the accuracy of his travel logs, and the contextual

7

information Defendant Contract Freighters had before sending him on this route on the day of the accident. Finally, as discussed later, these records would provide another independent method for verifying the accuracy of Defendant Rhee's driver log books. Plaintiffs have shown that this information is relevant and proportional to the needs of the case. Accordingly, Plaintiffs' request to compel a response to Interrogatory No. 26 is GRANTED.

**Request for Production 10: FMCSA "Reviews" of Defendant Contract Freighters**

Plaintiffs request copies of "reviews" conducted on Defendant Contract Freighters by the FMCSA under 49 C.F.R. §385.5. (Docket #15-1 at 20). Defendant objects to this request based on relevance, proportionality, and to the extent that it calls for legal analyses or conclusions. (Docket #14 at 5).

Plaintiffs argue that they have made a negligence per se claim based on statutory violations, and that Defendant's compliance status with those regulations is broadly relevant to that claim. (Id.). Plaintiffs also argue that defense counsel has represented that no driver vehicle inspection reports are available for ten days prior to the wreck. (Id.). Finally, Plaintiffs argue that they have only obtained a limited amount of maintenance records on this particular vehicle and that additional maintenance or compliance issues with this vehicle, particularly those related to FMCSA reviews, are relevant to this litigation. (Id.).

Defendant responds that FMCSA "reviews" as requested are not documents, but are ratings obtained from the FMSCA that are not in a report format. (Docket #15 at 5-6).

Defendant contends that it has carried a rating of "Satisfactory" from the FMSCA[1], which is the highest available rating, since 2010. (Id.). It further alleges that it has provided any such ratings of Defendant Rhee that may exist under this request in his driver file. (Id.).

Plaintiffs' arguments fail because their motion to compel is broader and more expansive than their request for production. Plaintiffs interchangeably use the term "reviews" when referring to multiple types of records. (Docket #14 at 4-5). The original Request for Production refers to "reviews", while the Motion to Compel seeks "driver inspection reports for the ten days prior to the wreck" and "maintenance records." (Docket #15-1 at 20; Docket #14 at 5). If the information sought is that which is described in 49 C.F.R. § 385.5, then Defendants say that they have provided it already. (Docket #15 at 6).

If Plaintiffs do not define the information sought with particularity, then Defendants cannot be expected to produce it. FED. R. CIV. P. 34(b)(1)(A). Defendant cannot be expected to know what specific information the Plaintiffs are seeking, given the confusing use of terms. Accordingly, Plaintiffs' request to compel production of documents pursuant to Request for Production 10 is DENIED.

**Request for Production 14: Bills of Lading for February 2018**

Plaintiffs request bills of lading, including dispatch records and load reports, pertaining to Defendant Rhee's truck from February 2018. (Docket #14 at 6). Defendant counters that this

---

[1] A "satisfactory" rating is defined in 49 C.F.R. §385.3 as "a motor carrier has in place and functioning adequate safety management controls to meet the safety fitness standard prescribed in §385.5. Safety management controls are adequate if they are appropriate for the size and type of operation of the particular motor carrier." 49 C.F.R. § 385.3.

9

request is overbroad, and that it has already produced the bill of lading for the date of the accident, February 28, 2018. (Docket #15 at 6).

Plaintiffs argue that Defendant Rhee's vehicle may have been overloaded on the day of the accident or in the prior month. (Docket #14 at 6-7). They state that overloading the truck on the day of the accident could have affected its ability to stop, while a pattern of overloading the truck could have damaged the braking and control systems of the vehicle. (Id.). Given that Defendant Rhee lost control of the vehicle overcorrecting, they believe this information to be relevant and discoverable. (Id.).

Defendant argues that this information is not within the scope of discovery. It argues that there is no claim that the truck had been overloaded on previous occasions and that there is no evidence to support the idea that the truck was overloaded at the time of the accident. (Docket #15 at 6). Additionally, Defendant contends that it has already produced a bill of lading for the load being hauled at the time of the accident. (Id.).

Plaintiff has failed to demonstrate that the information sought by this request is relevant. *See* Surles ex rel Johnson v. Greyhound Lines, Inc., 474 F.3d 288, 305 (6th Cir. 2007) ("Although a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad or oppressive."). As discussed above, relevance is to be construed broadly so as to encompass information that could lead to information bearing upon a party's claim or defense, but the standard is not without limits. FED. R. CIV. P. 26(b)(1); Albritton, 2016 WL 3580790, at *3. Here, Plaintiffs cite no authority, nor do they state with particularity, any reason they are entitled to these records. While Plaintiffs may believe that an

overloaded truck could have had mechanical damage, interfering with its ability to brake and that Defendant Rhee's truck may have been overloaded at some point, they do not point to any specific evidence of his truck being overloaded during February 2018, or on the date in question. Additionally, Defendants state that they have produced the bill of lading for February 28, 2018, the day of the accident. (Docket #15 at 6). Without specific information that might lead the Court to believe this information is relevant, there is no reason to compel production. Accordingly, Plaintiffs' request to compel production of documents pursuant to Request for Production 14 is DENIED.

### Request for Production 21: Defendant Rhee's Trip Receipts

Plaintiffs request Defendant Rhee's trip receipts, including purchases made such as fuel, weighing of vehicles, food, lodging, equipment, repairs, tolls, or any other purchases on February 28, 2018. (Docket #14 at 8). Defendant Contract Freighters counters that Defendant Rhee was an independent contractor, who was responsible for his own expenses and that Contract Freighters does not have any "receipts for any trip expenses." (Docket #15 at 7).

Defendant cannot be compelled to produce documents that do not exist or that are not within its possession. Peavey v. Univ. of Louisville, No. 3:09-CV-00484-R, 2011 WL 1106751 at *7 (W.D. Ky. Mar. 23, 2011). However, Plaintiff is entitled to assurances that Defendant has worked to verify that these documents are not within its possession or do not exist. Id. In response to this request, Defendant provided two bills of lading for Defendant Rhee's trip on February 28, 2018. (Docket #14 at 9). Plaintiff's request also sought "expense invoices regarding the tractor-trailer on the date of the subject wreck [and] copies of receipts for any trip expenses." (Docket 14 at 8-9). Defendant provided the bills of lading as requested and

responded that it had no further documents that would contain information requested here. It did not object to production of documents with specificity, it only noted an objection to the relevance and proportionality of the request.

Again, a party cannot be compelled to provide information it does not have. Therefore, Plaintiffs are entitled to a supplemental sworn statement from Defendant affirming the lack of possession or nonexistence of these documents. Defendants must supplement their responses with a statement that they do not have the responsive documents. Accordingly, Plaintiffs' request to compel documents pursuant to Request for Production 21 is GRANTED in part and DENIED in part.

## Conclusion

IT IS HEREBY ORDERED that Plaintiffs' Motion to Compel (Docket #14) is GRANTED in part and DENIED in part, as described above.

March 14, 2019

**Lanny King, Magistrate Judge**
**United States District Court**