UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:18-CV-00174-TBR-LLK

ESTATE OF AUSTIN PATTERSON, *et al.*                              PLAINTIFFS

v.

CONTRACT FREIGHTERS, INC., *et al.*                                 DEFENDANTS

## **OPINION AND ORDER**

Senior Judge Thomas B. Russell referred this matter to Magistrate Judge Lanny King for ruling on all discovery motions. (Docket # 9).

This matter is before the Court on the Motion to Compel Rule 30(b)(6) Deposition Regarding Document Production by Plaintiffs, Estate of Austin Patterson and Amanda Patterson (hereinafter "Patterson"). (Docket # 25). Defendant Contract Freighters, Inc. (hereinafter "Contract Freighters") filed a Response in opposition, styled as a "Response to Plaintiffs' Motion to Compel the Disclosure of Confidential Attorney-Client Communications" arguing primarily that the documents requested are not relevant and proportional to the needs of the case. (Docket # 26). Plaintiff filed a Reply on June 10, 2019. (Docket # 27). Fully briefed, this matter is ripe for adjudication.

## **Background**

This case arises from a wrongful death action regarding a motor vehicle accident that occurred on March 15, 2018 in McCracken County, Kentucky. (Docket #1). The accident involved Mr. Austin Patterson, who was killed in the accident, and Mr. John S. Rhee, a driver for Contract Freighters, Inc. Mr. Rhee and Contract Freighters are both defendants in this action. (Id.). Mrs. Amanda Patterson (Mr. Patterson's widow), along with Mr. Michael Gibson, as the

1

administrator of Mr. Patterson's estate, brought this action in McCracken Circuit Court, and it was subsequently removed to this Court. (Id.).

Following the removal of the case to this Court, the parties agreed to continue the discovery process initiated in the state court. (Docket # 15 at 2). Plaintiffs served Defendants with their first set of discovery requests along with the Complaint, and Defendant Contract Freighters responded to those requests on January 10, 2019. (Id.). Senior Judge Russell entered a Scheduling Order in this case on January 11, 2019. (Docket # 9).

Plaintiffs filed a Motion to Compel on February 13, 2019, (Docket # 14). The Court entered an Opinion and Order granting the Motion and requiring Defendants to produce Rhee's driver's logs for the period from September 1, 2017 to February 28, 2018, a six-month time-frame. (Docket # 21 at 5-6). Thereafter, Contract Freighters supplemented its discovery responses, providing Rhee's driver logs from the period of January 1, 2018 to February 28, 2018. (Docket # 26 at 2). Following the production, the parties attempted to resolve the dispute and contacted the Court to schedule a telephonic status conference with Magistrate Judge King. (Docket # 23). During that conference, the Court granted leave for the Plaintiffs to file the present Motion to Compel a deposition under Federal Rule of Civil Procedure 30(b)(6) with regard to document production. (Docket # 24).

**Legal Standard**

The Federal Rules of Civil Procedure permit parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . ." FED. R. CIV. P. 26(b)(1). The purpose behind such broad discovery is to eliminate surprise in civil litigation. Davis v. Marathon Oil Co., 528 F.2d 395, 404 (6th Cir. 1975). Thus, "[i]n this

2

Circuit, the scope of discovery is extremely broad under the Federal Rules of Civil Procedure and 'is ... within the broad discretion of the trial court.'" Clark Const. Group, Inc. v. City of Memphis, 229 F.R.D. 131, 137 (W.D. Tenn. 2005) (*quoting* Lewis v. ACB Business Servs. Inc., 135 F.3d 389, 402 (6th Cir.1998)).

The party resisting discovery has the burden to "show that the material sought either falls beyond the scope of relevance, or is so marginally relevant that the potential harms of production outweigh the presumption in favor of broad disclosure." Bentley v. Highlands Hosp. Corp., No. 7:15-CV-97-ART-EBA, 2016 WL 762686, at *1 (E.D. Ky. Feb. 23, 2016). In assessing proportionality, the Court must weigh "'the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'" Albritton v. CVS Caremark Corp., No. 5:13-CV-00218-GNS-LLK, 2016 WL 3580790, at *4 (W.D. Ky. June 28, 2016) (quoting FED. R. CIV. P. 26(b)(1)).

"Although a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." Surles ex rel Johnson v. Greyhound Lines, Inc., 474 F.3d 288, 305 (6th Cir. 2007). A discovery request for otherwise relevant documents may be too broad or otherwise overly burdensome when it applies to a generally broad category or group of documents or a broad range of information, *see* Transamerica Life Inc. Co. v. Moore, 274 F.R.D. 602, 609 (E.D. Ky. 2011), or where it requires

the producing party to incur excessive costs that outweigh the benefits to the requesting party (FED. R. CIV. P. 26(2)(b)).

FED. R. CIV. P. 30 permits parties to conduct discovery through use of depositions. When a corporation is the party to be deposed, a party must name the entity and "describe with reasonable particularity the matters for examination." FED. R. CIV. P. 30(b)(6). "The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Id. A corporate designation under this Rule serves to distinguish the testimony of a fact witness from the testimony of the representative of the corporate entity itself. Jecker v. Monumental Life Ins. Co., No. 3:12-CV-219-S, 2014 WL 4063568, at *1 (W.D. Ky. Aug. 15, 2014) (*citing* FED. R. CIV. P. 30(b)(6)).

## Discussion

This Opinion solely addresses the need for a deposition under Rule 30(b)(6) and the ability of the designated deponent to assert the attorney-client privilege on behalf of Defendant Contract Freighters.[1] For the reasons below, the Court finds that Plaintiffs are entitled to conduct a deposition pursuant to Rule 30(b)(6) on the retention policy, specifically as relates to the logs and their destruction, but any ruling on the applicability, scope, and waiver of the attorney-client privilege is premature until after the questioning at the deposition. The Court cannot rule on applicability of the attorney-client privilege without an attempted application.

---

[1] The Court does not address sanctions, if necessary, in this Opinion, nor does it address the need for a spoliation instruction in subsequent proceedings.

*Defendant Contract Freighters' Assertions of Attorney-Client Privilege*

Defendant Contract Freighters argues that Plaintiff is not permitted to conduct discovery, through use of any method, including a 30(b)(6) deposition, to inquire into privileged matters, including attorney-client communications.

The attorney-client privilege serves to protect from disclosure "confidential communications between a lawyer and his client in matters that relate to the legal interests of society and the client. Ross v. City of Memphis, 423 F.3d 596, 600 (6th Cir. 2005) (*quoting* In re Grand Jury Subpoena (United States v. Doe), 886 F.2d 135, 137 (6th Cir. 1989) (additional citations omitted)). The attorney-client privilege attaches to corporations, as well as individuals. Upjohn Co. v. United States, 449 U.S. 383, 390 (1981) (*citing* United States v. Louisville & Nashville R. Co., 236 U.S. 318, 336 (1915)). "The lawyer-client privilege rests on the need for the advocate and counselor to know all that relates to the client's reasons for seeking representation if the professional mission is to be carried out." Trammel v. United States, 445 U.S. 40, 51 (1980). The purpose of the privilege is "to encourage clients to make full disclosure to their attorneys." Fisher v. United States, 425 U.S. 391, 403 (1976).

"The attorney-client privilege is generally waived when the client asserts claims or defenses that put his attorney's advice at issue in the litigation." In re Lott, 424 F.3d 446, 453 (6th Cir. 2005) (*citing* Garcia v. Zenith Electronics Corp., 58 F.3d 1171, 1175 (7th Cir. 1995)). Corporations are capable of waiver of the attorney-client privilege. Commodity Futures Trading Com v. Weintraub, 471 U.S. 343, 348 (1985). Claims of attorney-client privilege are "narrowly construed because [the privilege] reduces the amount of information discoverable during a

lawsuit. Tenn. Laborers Health & Welfare Fund v. Columbia/HCA Healthcare Corp., 293 F.3d 289, 294 (6th Cir. 2002) (*citing* United States v. Collis, 128 F.3d 313, 320 (6th Cir. 1997)).

The Sixth Circuit has articulated the elements of the privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected, (7) from disclosure by himself or the legal adviser, (8) unless the protection is waived.

Reed v. Baxter, 134 F.3d 351, 356 (6th Cir. 1998) (*citing* Fausek v. White, 965 F.2d 126, 129 (6th Cir. 1992). "The burden of establishing the existence of the privilege rests with the person asserting it. Tenn. Laborers Health & Welfare Fund at 294.

Defendant Contract Freighters argues that Plaintiff's spoliation letter (Docket # 25-1) did not require them to disregard their own document retention policy. (Docket # 26 at 5). Plaintiff is entitled to conduct discovery on what was destroyed, when it was destroyed, and how it was destroyed, as Defendants admit. (Id.). In dispute is discovery of Defendants' counsel's instructions, if any, regarding preservation of information and the state of mind of Defendants and their counsel concerning any destruction of the requested records. These matters relate to element (1) of the Reed test.

As discussed above, the attorney-client privilege can be waived. A party may implicitly waive the attorney-client privilege by asserting "the advice of counsel defense." Kulinski v. Lew, 2017 U.S. Dist. LEXIS 56466 at *14 (W.D. Ky. Apr. 13, 2017). Specifically, a "party can implicitly waive the attorney-client privilege by announcing he will rely on the advice of counsel as a defense in a claim or proceeding." Ross, 423 F.3d at 605; In re EchoStar Communs. Corp., 448 F.3d 1294, 1299 (Fed. Cir. 2006).

Additionally, the attorney-client privilege can be waived through the crime-fraud exception. This exception holds that "the seal of secrecy" between a lawyer and a client does not extend to those otherwise confidential communications "made for the purpose of getting advice for the commission of fraud or crime." United States v. Zolin, 491 U.S. 554, 563-64 (1989); *see also* Clark v. United States, 289 U.S. 1 (1933); Alexander v. United States, 138 U.S. 353 (1891). The Supreme Court held that the exception applied, even if the attorney was unaware of the client's fraud. Zolin, 491 U.S. 554, 563-64. Additionally, the exception applies not only to planning or permission of ongoing crimes and frauds, but to ordinary torts as well. Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343 (1985). The Court found in Weintraub that a party seeking to invoke the exception must make a threshold showing of its applicability to remove the privilege. A mere allegation of fraud or wrongdoing, without more, is not enough. Id.

The Sixth Circuit has often applied the Zolin test in its jurisprudence. In Rainer v. Union Carbide Corp., 402 F.3d 608, 625 (6th Cir. 2005), *cert. denied*, 546 U.S. 978 (2005). Rainer explains, "The test for claiming the crime-fraud exception is twofold: 'First, the [party desiring production] … must make a prima facie showing that a sufficiently serious crime or fraud occurred to defeat the privilege; second, the [party] … must establish some relationship between the communication at issue and the prima facie violation.'" Id. (*quoting* In re Antitrust Grand Jury, 805 F.2d at 164)). "To satisfy its prima facie showing, the evidence presented by the [party seeking production] … must be such that 'a prudent person [would] have a reasonable basis to suspect the perpetration of a crime or fraud.'" United States v. Collis, 128 F.3d 313, 320-21 (6th Cir. 1997) (*quoting* In re Antitrust Grand Jury, 805 F.2d at 164)).

7

Here, Plaintiffs request a ruling on the propriety of Defendants' assertions of the attorney-client privilege in an anticipatory context. However, the Court cannot rule on applicability without an application. The assertions of both parties clearly indicate that a Rule 30(b)(6) deposition as to the destruction of the requested records is warranted. To determine whether the attorney-client privilege properly applies and whether such privilege has been waived, the Court must first have a situation to which it can apply the law. The province of the federal courts is to adjudicate actual disputes, not to issue advisory opinions. <u>Muskrat v. United States</u>, 219 U.S. 346, 356 (1911). Here, any ruling on the applicability of the attorney-client privilege would amount to little more than an advisory opinion, given that the exact nature of the questioning cannot be known. Until the 30(b)(6) deposition takes place, no ruling on the propriety of the assertion of attorney-client privilege is proper.

## Conclusion

IT IS HEREBY ORDERED that Plaintiffs' Motion to Compel (Docket # 25) is GRANTED in part and DENIED in part, as described above.

**Lanny King, Magistrate Judge**
**United States District Court**

July 2, 2019